**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided May 9, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-3325

| | |
|---|---|
| SAMUEL SLEDGE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 3627 |
| STATE FARM MUTUAL INSURANCE COMPANY and JOHN A. WOLFE, | Samuel Der-Yeghiayan, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Samuel Sledge has thrice sued State Farm and its insured, John Wolfe, seeking damages for the same automobile accident, but each time Sledge has struck out. His first lawsuit, filed in an Illinois court in 2011, was dismissed three years later for failure to prosecute. In 2015 he brought a similar action, also in state court, against both defendants. This time the court granted State Farm's motion to dismiss on the ground that Illinois prohibits a direct action against an insurer without the plaintiff's first obtaining a judgment against the insured, see *Marchlik v. Coronet Ins. Co.*, 239 N.E.2d

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. See FED. R. APP. P. 34(a)(2)(A).

799, 802–03 (Ill. 1968). Later the court dismissed Sledge's action against Wolfe for failure to prosecute. Sledge now claims in this federal suit that State Farm and Wolfe conspired to violate his constitutional rights under color of state law, see 42 U.S.C. §§ 1983, 1985. State Farm moved to dismiss for two reasons: first, that the state court's most recent dismissal precludes the current suit; and second, that Sledge did not allege that the company acted under color of state law. The district court agreed with both of State Farm's arguments, and for good measure, it also dismissed Sledge's claim against Wolfe for failure to effect service, see FED. R. CIV. P. 4(c)(1), (m). Wolfe has taken no part in this litigation.

We affirm the dismissal because state action is an essential element of claims under 42 U.S.C. §§ 1983 and 1985 that rely on the Fourteenth Amendment. See *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (§ 1983); *United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 833 (1983) (§ 1985). Sledge tells us in his brief that he "doesn't allege state farm was an actor of any state," but, he contends, suits under § 1983 are not limited to state officials, persons acting under color of state law, or those who are acting in such close coordination with the state that "seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy*, 531 U.S. at 295 (internal quotation marks omitted). He is incorrect. See *Xiong v. Fischer*, 787 F.3d 389, 397–98 (7th Cir. 2015); *Johnson v. Larabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004). Sledge's allegations do not suggest that State Farm conspired with state officials or itself acted under color of state law, and so his complaint is frivolous. We offer no comment on the allegations against Wolfe because he was never served.

The remainder of Sledge's brief is devoted to asking us to overturn various decisions of the state courts, but we have no supervisory power over the Illinois court system and thus cannot oblige. *United States ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1186 (7th Cir. 1983).

AFFIRMED.